**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Virginia R Morgan, et al.,

    Plaintiffs,

v.

Freightliner of Arizona LLC, et al.,

    Defendants.

No. CV-16-00498-TUC-CKJ

**ORDER**

Plaintiffs' have filed a Second Amended Complaint (Doc. 24). Defendants have filed a partial Motion to Dismiss Second Amended Complaint as to Counts II, IV, and V (Doc. 46). Additionally, Plaintiff filed a Response in Opposition to Motion to Dismiss (Doc. 50) to which Defendants' filed a Reply (Doc. 51). Oral argument has been requested. However, the issues are fully presented in the briefs and the Court finds it would not be assisted by oral argument. The Court declines to schedule this matter for oral argument. LRCiv 7.2(f).

I. *Factual Allegations and Procedural Background[1]*

In a transaction that closed in February 2015, Defendant Freightliner of Arizona, LLC ("FA"), was transferred ("the Sale") from Defendants FSWAZ, Ltd. ("FSWAZ")

---
[1] The facts are taken from the Second Amended Complaint and are accepted as true for the purposes of this Order. *Mann v. City of Tucson*, 782 F.2d 790, 793 (9th Cir. 1986) ("Although we must, in general, accept the facts alleged in the complaint as true, wholly vague and conclusory allegations are not sufficient to withstand a motion to dismiss.")

and Danny R. Cuzick and Jane Doe Cuzick ("the Cuzicks") (collectively, "Seller Defendants") to Redgate Arizona, LLC, Redgate Partners, LLC, and Redgate (collectively, "Redgate Partners").[2]

A. *Employment History*

Virginia R. Morgan ("Morgan") began working for Freightliner in February 2013 as a Customer Service Representative ("CSR"). Morgan continues to be an employee of Freightliner. Morgan is a female and, at all relevant times, has been over the age of 40. David A. Vivaldo ("Vivaldo") began working for Freightliner in January 2014 as a CSR. In May 2015 Freightliner, citing budgetary and over-staffing concerns, terminated Vivaldo's employment. Vivaldo is a Hispanic male of Mexican ancestry.

Plaintiffs, after the sale of the business from Seller Defendants to Redgate Partners, continued working at Freightliner under similar rules and operating practices that were comparable to those in existence when FSWAZ was the employer.

B. *Allegations Regarding Discrimination and a Hostile Work Environment*

Plaintiffs have alleged claims of discrimination; specifically, that "[c]ertain FSWAZ and/or FA employees . . ., with the knowledge and acquiescence of management, acted abusively and in a manner inconsistent with what should be tolerated in a modern workplace." *Id.* at ¶ 69.

C. *Allegations Regarding Alter Ego/Instrumentality Breach Between FSWAZ and/or FA and the Sole Shareholders (the Cuzicks)*

FSWAZ, the Cuzicks, and Redgate Partners were parties to an Asset Sale and Purchase Agreement dated February 13, 2015 (the "APA"). (Doc. 42), ¶ 11. The APA stated FSWAZ and related entities were to transfer the assets, ownership, and control of the business, FA, to which both Plaintiffs were employed prior, during, and after the APA was executed to Redgate Partners. Additionally, not all liabilities were to be transferred

---

[2] Redgate Partners have been dismissed from this action.

from FSWAZ, the Cuzicks, and other entities to FA's new owner and operator Redgate Partners. Indeed, the APA stipulated Redgate Partners/FA were not liable for any violations of Plaintiffs' rights that occurred prior to the Sale. *Id.* at ¶ 18-22. Further, the APA required FSWAZ and the Cuzicks to personally must indemnify Redgate Partners against all potential claims by employees prior to the Sale.[3]

Prior to the Sale, the Cuzicks were the President/C.E.O., sole Director, and/or the primary and/or sole shareholder of FSWAZ. *Id.* at ¶ 13. Also, the Cuzicks had the power to hire and fire employees, the ability to supervise employee work schedules or conditions of employment, the ability to determine employees' rates and methods of pay, and the duty to maintain employment records.

The Cuzicks – prior to the Sale – directed the operations of FSWAZ and otherwise acted directly or indirectly in the interest of FSWAZ. *Id.* at ¶ 14. After the Sale, FSWAZ became a company without a subsidiary since FA – FSWAZ's subsidiary – was sold to Redgate Partners and later became FA. After the Sale was completed, the Cuzicks moved all proceeds from FA's sale from FSWAZ's accounts to their own personal accounts.

Plaintiffs allege the Cuzicks – post-Sale – left FSWAZ unable to satisfy any judgement from this case after leaving it undercapitalized and uninsured while they personally benefitted from the Sale. Additionally, the Cuzicks personally indemnified Redgate Partners from any liability resulting from employee claims. Indeed, Plaintiffs further allege the Cuzicks pierced the veil by treating the corporation as if it was one in the same as themselves by failing to observe corporate formalities such as separate and proper accounting, the failure of corporate formalities between himself and FSWAZ, and FSWAZ being a mere instrumentality of the Cuzicks since there was no actual or cognizable difference between FSWAZ and the Cuzicks.

---

[3] Article 8.3(b) of the APA stating that FSWAZ and the Cuzicks must "jointly and severally, indemnify, defend, and hold harmless [Redgate Partners] . . . from and against any and all claims, damages, penalties, losses, liabilities, . . . asserted by any current or former employee of [FSWAZ and other related entities] in connection with the employment (including termination of employment) of such employee by [FSWAZ and other related entities]." *Id.* at ¶ 35.

D. *Litigation*

Morgan filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and received a notice of right to sue on June 27, 2016. *Id.* at ¶ 158-59. Vivaldo filed a charge of discrimination and received a notice of right to sue on June 24, 2016. *Id.* at ¶ 160-61.

On August 14, 2017, Plaintiffs filed a Second Amended Complaint. Plaintiffs allege claims as follows:

a. Count I – Fair Labor Standards Act
b. Count II – Title VII / Arizona Civil Rights Act
c. Count III – Equal Pay Act
d. Count IV – Age Discrimination in Employment Act / Arizona Civil Rights Act
e. Count V – Arizona Revised Statues ("A.R.S.") § 23-355 / Arizona Minimum Wage Act

On September 11, 2017, Seller Defendants filed a Motion to Dismiss (Doc. 46). Seller Defendants seek dismissal with prejudice of the Title VII / Arizona Civil Rights Act ("ACRA") claim in Count II as to Defendant FSWAZ, the Age Discrimination in Employment Act ("ADEA") / ACRA claim in Count IV as to Defendant FSWAZ, and A.R.S. § 23-355 / Arizona Minimum Wage Act ("AMWA") claim in Count V as to Defendant Cuzicks.

Plaintiffs filed a Response to the Motions to Dismiss on October 2, 2017 (Doc. 50) and Defendants filed a Reply on October 24, 2017 (Doc. 51).

II. *Complaint and Plausibility Pleading Standard*

As previously stated by the Court, *see* Doc. 29, a complaint is to contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed.R.Civ.P. 8(a). Nonetheless, a complaint must set forth a set of facts that serves to put defendants on notice as to the nature and basis of the claim(s). Indeed, the United States Supreme Court has found that a plaintiff must allege "enough facts to state a claim to relief that is plausible on its facts." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

(2007). While a complaint need not plead "detailed factual allegations," the factual allegations it does include "must be enough to raise a right to relief above the speculative level." *Id.* at 555; *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss[.]").

Additionally, when a court is considering a motion to dismiss, allegations that are a mere conclusion are not entitled to the assumption of truth if unsupported by factual allegations that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663-64 (2009). This Court must take as true all allegations of material fact and construe them in the light most favorable to Plaintiffs. *See Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir. 2003). In general, a complaint is construed favorably to the pleader. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds*, 457 U.S. 800; *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("All pleadings shall be so construed as to do substantial justice"); *Mason v. Unkeless*, 618 F.2d 597 (9th Cir. 1980).

III. C*ounts II & IV – Title VII / Arizona Civil Rights Act & Age Discrimination in Employment Act Claims as to Morgan*

The Court found that Plaintiffs did not allege they were employed by FSWAZ; therefore, the Court determined these entities could not be liable under Counts I through VI. (Doc. 29 at 23). The Court determined dismissal with leave to amend was appropriate. (*Id*. at 23-24). The Court then ordered, however, that the federal and state anti-discrimination claims against FSWAZ were dismissed without leave to amend. (*Id*. at 26). Seller Defendants point to this Order and argue that, because Morgan's claims as to Count II & IV regarding federal and state anti-discrimination claims were dismissed without leave to amend, Plaintiffs cannot now re-allege those claims.

To any extent the previous Order (Doc. 29) was not clear as to these points, the Court agrees with the analysis of Plaintiffs, especially when considering the policy to

liberally construe pleadings in the interests of justice. *Johnson v. Reagan*, 524 F.2d 1123 (9th Cir. 1975). Specifically, when the Court was discussing the liability of FSWAZ, the Court pointed out that this entity was not alleged to have taken any action regarding Plaintiffs. This finding leads to a conclusion that the Order that dismissal without leave to amend was made in error. Rather, this finding dictates that Plaintiffs may now include the amended allegations. The Motion to Dismiss as to this issue will be denied.

IV. *Count V – Plaintiffs' Alter Ego Claim Against the Cuzicks*

Seller Defendants argue Plaintiffs have not alleged sufficient facts to support the claim against the Cuzicks for the state wage claim. Seller Defendants acknowledge that Plaintiffs have referred to the Cuzicks as the employer, but have not provided any supporting allegations/facts. Rather, Seller Defendants assert Plaintiffs have alleged FSWAZ was the employer.

The parties dispute whether the corporate veil may be pierced to permit suit against the Cuzicks. "A corporate entity will be disregarded, and the corporate veil pierced, only if there is sufficient evidence that 1) the corporation is the alter ego or business conduit of a person, and 2) disregarding the corporation's separate legal status is necessary to prevent injustice or fraud." *Loiselle v. Cosas Mgmt. Grp., LLC*, 224 Ariz. 207, 214, 228 P.3d 943, 950 (App. 2010) (internal citations and quotation marks omitted).

In utilizing the alter ego test, the law of the forum state is applied. *Towe Antique Ford Found. v. I.R.S.*, 999 F.2d 1387, 1391 (9th Cir. 1993). Arizona law recognizes a presumption of corporate separateness under which a parent corporation is not liable for the actions of a subsidiary. *Deutsche Credit Corp. v. Case Power & Equip. Co.*, 876 P.2d 1190, 1195 (Ariz. Ct. App. 1994). Additionally, the A.R.S. § 10-908 articles of incorporation provide that the private property of the shareholders is exempt from liability for corporate debts except those set forth in A.R.S. § 10-905. However, the alter ego theory allows a parent corporation to be held liable for the acts of its subsidiary when the individuality or separateness of the subsidiary corporation has ceased. *Gatecliff v.*

*Great Republic Life Ins. Co.*, 821 P.2d 725, 728 (Ariz. 1991). "An alter ego or agency relationship is typified by parental control of the subsidiary's internal affairs or daily operations." *Doe v. Unocal Corp.*, 248 F.3d 915, 926 (9th Cir. 2001) (citing *Kramer Motors, Inc. v. British Leyland, Ltd.*, 628 F.2d 1175, 1177 (9th Cir. 1980)).

To establish alter ego liability, a plaintiff must prove two prongs (1) unity of control and (2) that observance of the corporate form would sanction a fraud or promote injustice. *Doe v. Unocal Corp.*, 248 F.3d at 926 (citing *Dietel v. Day*, 492 P.2d 455, 457 (Ariz. Ct. App. 1972)). The Court considers these prongs in assessing whether Plaitniffs have adequately stated a claim upon which relief may be granted. Unity of control is shown when a parent exercises "substantially total control over the management and activities" of its subsidiary. *Gatecliff*, 821 P.2d at 728 (internal citations and quotations omitted). A plaintiff may establish that a parent has unity of control by showing, among other things: parent stock ownership; common officers or directors; parent financing of the subsidiary; payment of salaries and other expenses of subsidiary by the parent; failure of subsidiary to maintain formalities of separate corporate existence; similarity of logo; plaintiff's lack of knowledge of subsidiary's separate corporate existence; observance of formalities of corporate meetings; Intermixing of shareholders' actions with those of corporation; filing of corporate income tax returns and Arizona Corporation Commission (ACC) annual reports; maintaining of corporate financial records; and adequacy of capital at the time of corporation's formation. *Patterson v. Home Depot, USA, Inc.*, 684 F.Supp.2d 1170, 1177-79 (D. Ariz. 2010); *Gatecliff*, 821 P.2d at 728; *Standage v. Standage*, 711 P.2d 612, 614-16 (Ariz. Ct. App. 1985); *Honeywell, Inc. v. Arnold Construction Co.*, 654 P.2d 301, 307 (Ariz. Ct. App. 1982); *Norris Chem. Co. v. Ingram*, 679 P.2d 567, 570-71 (Ariz. Ct. App. 1984). Isolated occurrences of some of these factors are not enough to establish an alter ego liability. *Patterson v. Home Depot, USA, Inc.*, 684 F.Supp.2d at 1177-79.

Although "[a]lter ego determinations are highly fact-based," *Legacy Wireless Servs., Inc. v. Human Capital, L.L.C.*, 314 F.Supp.2d 1045 (D. Or. 2004), "[c]onclusory allegations of 'alter ego' status are insufficient to state a claim" because "a plaintiff must

allege specifically [the facts and elements of an alter ego claim]." *Neilson v. Union Bank of Cal., N.A.*, 290 F.Supp.2d 1101, 1116 (C.D. Cal. 2003). *See also Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555 (requiring more than "labels and conclusions" to survive a motion to dismiss).

A. *Unity of Control Prong*

First, the Second Amended Complaint alleges the Cuzicks were the President/C.E.O., sole director, and/or the primary and/or sole shareholder of Freightliner. Indeed, the mere fact that FSWAZ is solely owned by the sole shareholder, director, president, and general manager does not mean a corporation is the owner's alter ego. *Ize Nantan Bagowa, Ltd. v. Scalia*, 577 P.2d 725, 728-29, 728-29 (Ariz. Ct. App. 1978); *Deutsche Credit Corp. v. Case Power & Equip. Co.*, 876 P.2d at 1195-96; *Jabczenski v. Southern Pacific Memorial Hospital, Inc.*, 579 P.2d 53, 59 (Ariz. Ct. App. 1978). *See also Bass v. Shutan*, 259 F.2d 561, 563 (9th Cir. 1958).

Second, Plaintiffs allege the Cuzicks failed to maintain separate corporate formalities such as separate and proper accounting for FSWAZ. (Doc. 42), ¶ 39-41. However, Plaintiffs fail to allege a clear lack and disregard for corporate formalities by the Cuzicks beyond proper accounting. *Chapman v. Field*, 602 P.2d 481, 483-84 (Ariz. 1979) (finding the alter ego claim was not met even when the corporation's stockholders lent money to the corporation without taking promissory notes, failed to filed annual reports with the ACC, and failed to keep proper books of account).

Third, Plaintiffs allege the Cuzicks mixed their personal actions with that of the corporation as to make no cognizable difference between the Cuzicks and FSWAZ. Here, Plaintiffs' allegations are merely conclusory without stating any facts and elements of the alter ego claim. *See Gatecliff*, 821 P.2d 725; *Standage v. Standage*, 711 P.2d 612; *Honeywell, Inc. v. Arnold Construction Co.*, 654 P.2d at 307. *See also Chapman*, 602 P.2d at 484.

Fourth, Plaintiffs allege the Cuzicks left FSWAZ so undercapitalized as to make satisfying any judgement against FSWAZ impossible to collect. (Doc. 42), ¶ 37-38. In

*Norris,* the court held capitalization was to be only measured as of the time of the formation of the corporation, and any adequately capitalized corporation when formed but suffers financial losses thereafter is not undercapitalized. *Norris Chem. Co.*, 679 P.2d at 570-71. *See Shafford v. Otto Sales Company*, 308 P.2d 428, 431-432 (Cal. Ct. App. 1957) (adding insolvency occurring soon after incorporation may be a primary indicator of undercapitalization). Further, undercapitalization cannot be proven by merely showing a corporation was now insolvent. *Ize Nantan Bagowa, Ltd. v. Scalia*, 577 P.2d at 729-30.

Finally, as summarized in a treatise:

> The prevailing rule is that where corporate formalities are substantially observed, [*reasonably adequate initial financing*], and the corporation not formed to evade an existing obligation or a statute or to cheat or to defraud, even a controlling shareholder enjoys limited liability.
>
> However, where the corporation is *launched with inadequate finances*, . . . there is more justification for holding the latter [controlling shareholder or shareholders] liable. [footnotes omitted]" (Emphasis added)

H. Henn, Law of Corporations, § 146 at 253-254. Henn also states in § 146, footnote 21: ". . . Financial inadequacy is measured by the nature and magnitude of the corporate undertaking or the reasonableness of the cushion for creditors *at the time of the inception of the corporation* . . . ." (Emphasis added)

Here, Plaintiffs have failed to adequately allege (1) FSWAZ was inadequately capitalized at formation, (2) any claim of insolvency soon after its incorporation, or (3) any claim of inadequate finances at formation when measuring the corporation "by the nature and magnitude of the corporation's undertaking or the reasonableness of the cushion for creditors." *Id*. Indeed, Plaintiffs claim FSWAZ was undercapitalized only after Freightliner was sold to Redgate Partners and *never* alleged any of the three undercapitalization avenues available.

B. *Fraud or Promote Injustice Prong*

Considering the alter ego test's second prong, Plaintiffs failed to allege non-conclusory facts as to fraud or the promotion of injustice when Freightliner was sold to

- 9 -

Redgate Partners. Indeed, Plaintiffs' allegations orbit around Freightliner's sale and the resulting transfer of FSWAZ's assets to the Cuzicks. Per the Court's ruling in *Dietel*, there are no allegations indicating fraud would be sanctioned if the Cuzicks were removed from the case when transferring assets between FSWAZ and the Cuzicks. *Dietel v. Day*, 492 P.2d 455, 457-58 (Ariz. Ct. App. 1972); *see also Ferrarell v. Robinson*, 465 P.2d 610, 613 (Ariz. Ct. App. 1970). Additionally, there are no allegations there would be injustice when the Cuzicks agreed to sell Freightliner. Further, Plaintiffs' failure to receive the benefit of the bargain "does not constitute any evidence of fraudulent conduct and it is not sufficient to justify . . . disregarding of the corporate entity." *Dietel*, 492 P.2d at 457-458.

Therefore, based upon consideration of these prongs, the Court finds Plaintiffs failed to sufficiently allege unity of control or that the sale of the business and transfer of assets constitutes fraud or was to promote injustice. Therefore, the Court finds Plaintiffs have not alleged sufficient facts to support an alter ego claim against the Cuzicks; the Court will dismiss Plaintiffs' alter ego claims against the Cuzicks.

V. *Plaintiffs' Alleged Instrumentality Claim Against the Cuzicks*

The instrumentality is described as the "principle that a corporation is treated as a subsidiary if it is controlled to a great extent by another corporation." *Instrumentality Rule*, Black's Law Dictionary (10th ed. 2014). Further, the instrumentality test is treated as a similar but as a distinct method to the alter ego test. *Gatecliff*, 821 P.2d at 729-30. Under Arizona law, a subsidiary has become a mere instrumentality of the parent corporation when it is so overshadowed by the parent corporation that the subsidiary's corporate identity should be disregarded to prevent fraud. *Horizon Res. Bethany v. Cutco Indus.*, 881 P.2d 1177, 1180 (Ariz. Ct. App. 1994). See also, *Oldenburger v. Del E. Webb Dev. Co.*, 765 P.2d 531, 536 (Ariz. Ct. App. 1988) (refusing to disregard corporate form where evidence showed that parent corporation had authority to overrule subsidiary's decisions but took no such action). However, the courts "will look beyond the legal fiction of distinct corporate existence, as the interests of justice require . . . ." *Walker v.*

*Southwest Mines Dev. Co.*, 81 P.2d 90, 95 (1938) (quoting *Platt v. Bradner Co.*, 230 P. 633, 635 (Wash. 1924)).

Here, Plaintiffs' allegations of the Cuzicks exercising employer-like control over FSWAZ and its employees - including Plaintiffs - fails to provide sufficient allegations to treat FSWAZ and/or FA as mere instrumentalities of the Cuzicks. Instead, Plaintiffs allege Lomeli and Davidson as the responsible supervisors for their retaliatory and discriminatory actions without alleging the Cuzicks' involvement. (Doc. 42), ¶ 72-91. Additionally, Plaintiff Morgan allegedly reached out to Gordon Evans of FSWAZ's human resources department to report Lomeli's and Davidson's actions. *Id.* at ¶ 83. Finally, the Cuzicks were alleged to have exercised their power to hire/fire employees, supervise employee work schedules or conditions of employment, and determine rates and methods of pay for employees without giving any examples directly affecting Plaintiffs. *Id.* at ¶ 13. Given the conclusory nature of Plaintiffs' claims of the Cuzicks exercising control over aspects of employment at FSWAZ while providing insufficient detailed allegations, and the contradictory allegations of Lomeli and Davidson exercising employment control over Plaintiffs without mentioning the Cuzicks, the Court finds Plaintiffs do not have sufficient allegations to support a claim of instrumentality against the Cuzicks. Therefore, the Court will dismiss Plaintiffs' instrumentality claim against the Cuzicks.

Accordingly, IT IS ORDERED:

1. The Motion to Dismiss Second Amended Complaint as to Counts II, IV, and V (Doc. 46) is GRANTED IN PART AND DENIED IN PART.

2. Count V, the state wage claim as to Cuzick, is DISMISSED WITHOUT LEAVE TO AMEND.

3. The following claims remain pending in this matter:

Count I – Fair Labor Standards Act[4] against FSWAZ, Ltd., Freightliner of Arizona, LLC, and Cuzick;

---

[4] The Court notes the Supreme Court has issued an opinion in *Encino Motorcars, LLC v. Navarro*, 584 U.S. – (2018). However, a motion addressing this claim in light of *Encino*

Count II against FSWAZ, Ltd., and Freightliner of Arizona, LLC, as to the sex discrimination claim;

Count III – Equal Pay Act against FSWAZ, Ltd., and Freightliner of Arizona, LLC, and;

Count IV against FSWAZ, Ltd., and Freightliner of Arizona, LLC, as to the age discrimination claim.

Count V – A.R.S. § 23-355, Arizona Minimum Wage Act, against FSWAZ, Ltd., and Freightliner of Arizona, LLC.

Dated this 17th day of August, 2018.

_____
Honorable Cindy K. Jorgenson
United States District Judge

has not been filed.